

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Case No.:

ALVIN ROBINSON, )
　)
　　Plaintiff, )
　)
v. ) COMPLAINT
　)
GUILFORD COUNTY SHERIFF'S ) 1:23CV87
OFFICE; and DANNY H. ROGERS, )
individually and in his capacity )
as Guilford County Sheriff, )
　)
　　Defendants, )

## NATURE OF COMPLAINT

Plaintiff Alvin Robinson files this Complaint based upon claims of religious discrimination pursuant to Title VII of the Civil Rights Act of 1964 (as amended). This lawsuit asserts that plaintiff was employed by the defendant Guilford County Sheriff's Office as a Part-time Deputy Sheriff and that his employment was wrongfully terminated because he objected to a policy of the defendants relating to COVID-19 vaccination and testing upon religious grounds and requested an accommodation of his religious beliefs. Defendants declined to honor plaintiff's religious accommodation request and plaintiff's employment was later terminated for failure to comply with the policy. Plaintiff claims that the defendants' termination of his employment was an act of discrimination against religious beliefs. Plaintiff made a charge of religious discrimination against defendant Guilford County Sheriff's Office through the Equal Employment Opportunity Commission (hereinafter "EEOC"), which ultimately made no

findings as to the merits of his claim or defendant's compliance with Title VII, but gave plaintiff notice of his right to sue on October 30, 2022, upon which notice plaintiff initiated this action.

## JURISDICTION AND VENUE

THIS Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 in that the claims are made pursuant to Title VII of the Civil Rights Act of 1964 to address religious discrimination resulting in the wrongful termination of his employment as more specifically set forth in this Complaint.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(c) in that plaintiff and defendants reside in this District and all events described herein occurred within this District.

## PARTIES

1. Plaintiff Alvin Robinson is a citizen and resident of Guilford County, North Carolina.

2. Defendant Guilford County Sheriff's Office (hereinafter "defendant", "defendant GCSO" or "GCSO") is the office of the Guilford County Sheriff, located in Guilford County within the State of North Carolina, and is responsible for the acts of its employees and its express, apparent or implied agents.

3. At all times relevant to this action, defendant Danny H. Rogers (hereinafter "defendant Rogers" or "Sheriff Rogers") was the Sheriff of Guilford County, North Carolina; and as Sheriff, he was the final authority for all decisions and actions of defendant GCSO and its employees and/or agents, and essentially indistinguishable from his office, GCSO.

## FACTS

4. Plaintiff Alvin Robinson (hereinafter "plaintiff" or "Deputy Robinson") is (and was at all times relevant to this action) an ordained, Christian minister, who was employed by the defendant GCSO as a Part-time Deputy Sheriff, and was also employed by the City of Greensboro, North Carolina as a Captain in the Greensboro Fire Department.

5. On or about October 8, 2021, Guilford County (hereinafter "County") notified all County employees and employees of defendant GCSO of the County's policy that all employees who were not fully vaccinated must submit to weekly testing for COVID-19, which would be provided to them free of charge; and on October 28, 2021, defendant GCSO notified its employees of its own policy and procedure of mandatory weekly testing for unvaccinated employees (hereinafter "defendants' Vaccination or Testing Policy" or in context "the Policy"), which largely adopted the County's policy and implemented its own disciplinary policy for those unvaccinated employees of defendant GCSO who failed to comply with the weekly testing requirement.

6. On November 17, 2021, plaintiff notified defendant GCSO of his objection to the Policy based upon his sincerely held religious beliefs (hereinafter "Request for Accommodation"), noting specifically that: "God created me with an immune system, and I will not alter His design. It is a sin against my God-given conscience to allow unwanted intrusions into, extractions from, and restrictions to my body which is the temple of the Holy Spirit." Plaintiff requested therein that the defendant GCSO accommodate his religious beliefs by allowing him to continue to work as he had been prior to implementation of the Policy on grounds that allowing him to do so would not pose an undue hardship to defendant.

7. Responding to plaintiff's Request for Accommodation on November 18, 2021, James Secor, Guilford County Deputy County Attorney and Legal Advisor to defendant GCSO, indicated that, rather than simply imposing termination upon employees who failed to comply with its vaccination requirement (as, he opined, it could legally have done "absent medical or religious exemption"), GCSO offered unvaccinated employees the alternative of weekly testing, and Mr. Secor maintained that plaintiff's refusal to submit to weekly testing put other employees and the public at a greater health risk, which presented GCSO with "an undue burden". Based upon this, Mr. Secor stressed that GCSO would continue to require plaintiff to submit to weekly testing and masking if he refused to be vaccinated.

8. Captain D.R. Pruitt of GCSO issued a Non-Disciplinary Letter of Performance Counseling to plaintiff on November 18, 2021 in which he reviewed the history of his interaction with plaintiff regarding non-compliance with the Policy and notified plaintiff that he would be disciplined if he did not "obtain a test and submit the result the week of November 22, 2021.

9. In a meeting with defendant Rogers on November 29, 2021, Sheriff Rogers told plaintiff that he did not want to have to let plaintiff go because plaintiff was a good employee, that he agreed with plaintiff's position (that religious beliefs prevented plaintiff from complying with the Policy), but in dismissing plaintiff from the meeting, plaintiff was suspended from duty without pay later that day for violating the Policy.

10. On November 30, 2021, plaintiff attempted to appeal his suspension through an email to James Secor, in which he referred to his previous Request for Accommodation (that he be allowed to continue to work as he had prior to the Policy, self-monitoring for symptoms), and he explained that he was not opposed to submitting to testing in the event that he exhibited

symptoms or to wearing a mask while acting "as a medical first responder", but he stressed that requiring constant mask wearing and weekly testing (taken in context, when he was no more likely to spread the virus than unvaccinated employees) amounted to coercing him to submit to a kind of religious ritual, which he found offensive.

11. On December 3, 2021, James Secor responded to plaintiff's attempt to appeal his suspension, by questioning the sincerity of plaintiff' religious objections to weekly testing and masking in light of the fact that he had previously submitted to both in other circumstances, and stressing that the Policy was "based on the 'business necessity' doctrine" which overrode plaintiff's religious objections because accommodating his requests would present an "undue burden" to GCSO in that it would unnecessarily expose "customers and your fellow employees to the risk of COVID infection" (ostensibly based upon the assumption that plaintiff, who had previously had and recovered from COVID-19, would have been less likely to spread it if he were vaccinated or if he submitted to weekly testing and constant masking – all of which plaintiff avers, upon information and belief, to have been questionable at the time and demonstrably false now).

12. After verifying with plaintiff that he was unvaccinated and that he continued to refuse to submit to weekly testing, defendant GCSO, through 1st Lieutenant E.M. Cox, issued a Statement of Charges and Recommended Discipline to plaintiff on December 6, 2021 in which termination of his employment was recommended and plaintiff was advised of his right to appeal the decision.

13. On December 9, 2021, plaintiff attempted to file another appeal ("Second Appeal Attempt") through James Secor in which he asserted that his objection to the Policy was rooted

its inherent hypocrisy (meaning in context that it falsely assumed that vaccinated employees were less likely to spread COVID-19 than unvaccinated employees, which was the basis upon which unvaccinated employees were required to submit to weekly testing and constant masking), that the Holy Spirit convicted him to refuse to comply with the Policy because doing so would make him complicit with the false assumptions upon which it was formed, and that the scriptural authority upon which he relied was Romans 14:23b: "For whatever does not proceed from faith is sin."

14. James Secor responded to plaintiff's Second Appeal to him on December 10, 2021, indicating that he was not the proper party through whom appeal should be made, and instructing plaintiff to notify Lt. Cox of his intention to appeal (which plaintiff did that same day, pursuant to which he plead not guilty to the disciplinary charge and requested a hearing before Sheriff Rogers).

15. Sheriff Rogers denied plaintiff's appeal at a hearing thereof on December 13, 2021, in which Sheriff Rogers upheld the termination of plaintiff's employment for failure to abide by the mandatory testing requirement.

16. Upon information and belief, defendant GCSO's vaccination and testing policy was instituted in anticipation of regulations that were to be published by the Federal Occupation Safety and Health Administration ("OSHA") in conformity with a policy that had been announced by President Joseph Robinette Biden, Jr., pursuant to which he asserted authority to mandate that all employers in the United States with 100 or more employees must require their employees to either take the COVID-19 vaccination or submit to weekly testing and constant masking (hereinafter "Biden Vaccine Mandate"); and the defendant GCSO, upon information

and belief, agreed with the Biden Vaccine Mandate and adopted it as a matter of policy before OSHA's regulations were issued and, upon information and belief, without independently attempting to ascertain the efficacy of the Biden Vaccine Mandate.

17. Plaintiff asserted his objection to defendants' Policy based upon his *bona fide* religious beliefs, as set forth herein, pursuant to Title VII of the Civil Rights Act of 1964, and he requested that the defendant GCSO provide a reasonable accommodation of his sincerely held and *bona fide* religious beliefs, specifically that he be allowed to continue to work as he had prior to the implementation of the Policy, continuing to self-monitor for symptoms and respecting spacing between he and others as was required of all the defendant GCSO's employees.

18. Defendant GCSO refused to accept or grant Deputy Robinson's request for reasonable accommodation, insisting that doing so would present a danger to plaintiff's fellow employees and the public in general based upon defendant's unestablished assertion that those who were vaccinated were less likely to spread COVID-19 than those who were unvaccinated.

19. Although plaintiff requested that the defendant provide him with its basis for asserting that either he or other unvaccinated persons presented a greater danger of spreading COVID-19 to his fellow employees and the public than vaccinated persons, defendant never provided a direct response; and plaintiff alleges, upon information and belief, that the defendant GCSO did not, in fact, make any serious investigation into the truth of this assertion, but assumed it in obedience to its agreement with and adoption of the Biden Vaccine Mandate, when it could have easily determined the validity of plaintiff's objections through the CDC, which had noted by that time that viral loads were similar in vaccinated and unvaccinated people.[1]

---

[1] Statement from CDC Director Rochelle P. Walensky issued on July 30, 2021 and available at: https://www.cdc.gov/media/releases/2021/s07730-mmwr-covid-19.html (downloaded on July 5, 2022).

20. Plaintiff's assertion that people who are vaccinated against COVID-19 are no less likely to spread COVID-19 than those who are unvaccinated is now recognized by the CDC.[2]

21. Upon information and belief, and considering that plaintiff had previously contracted and recovered from COVID-19, the fact that plaintiff was not vaccinated did not make him any more likely to spread COVID-19 than if he had been vaccinated, and defendant GCSO would at least have been able to recognize this and the danger presented to those who did take the vaccine (which was still being offered pursuant to an Emergency Use Order) had it not been indifferent to the truth.

22. Plaintiff's employment with defendant GCSO was terminated on December 13, 2021, and he has suffered (and continues to suffer) economic losses in form of lost wages and due to the loss of his job. Plaintiff filed a Charge of Discrimination with the North Carolina Office of Administrative Hearings on December 31, 2021 and that Charge was presented to the EEOC, which ultimately issued a Notice of Right to Sue on October 30, 2022. A copy of the Charge of Discrimination and the Notice of Right to Sue are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth.

23. Upon information and belief, the masks employees were required to wear pursuant to the Policy proved to be ineffective against the spread of COVID-19, and defendant GCSO either

---

[2] "Summary of Guidance for Minimizing the Impact of COVID-19 on Individual Persons, Communities, and Health Care Systems – United States, August 2022" CDC (August 19, 2022) available at: https://www.cdc.gov/mmwr/volumes/71/wr/mm7133e1.htm (downloaded on October 19, 2022).

knew or should have known this in the exercise of due care at the time of the implementation of the Policy.

24. Upon information and belief, defendant Rogers, individually and in his official capacity as Sheriff, knowingly and deliberately engaged in behavior designed to dissuade or punish plaintiff and others in the exercise of their constitutionally protected rights to the free exercise of religion and in the assertion of their rights against invasion of privacy and offense to dignity in opposition to the Policy; and each of defendant Rogers' violations of plaintiff's constitutional rights was motivated at least in part by his intention to implement the Biden Vaccine Mandate and the policy of the State of North Carolina in favor of the COVID-19 vaccine as expressed in Executive Orders by North Carolina Governor Roy Cooper; and a reasonable person with Sheriff Rogers' training who was functioning in his official capacity (as set forth herein), under the circumstances of plaintiff's vehement religious objections in particular and the public outcry and opposition to the Biden Vaccine Mandate in general, would have known that the Policy and the actions in which he and the defendant GCSO engaged by removing and otherwise disfavoring those expressing religious objections to the Policy was in violation of the rights of those in opposition thereto, which included their rights to the free exercise of religion under the U.S. Constitution and the North Carolina Constitution, as well as their rights against invasion of privacy, offense to dignity, and other laws protecting the same.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION
**Violation of Title VII of the Civil Right Act of 1964**
(42 U.S.C § 2000e)

25. The averments and/or allegations contained hitherto in this Complaint, in particular paragraphs 1 - 25, are adopted, re-averred, re-alleged, re-plead, and incorporated herein by reference as if fully set forth.

26. At all times relevant hereto, Title VII was in full force and effect and was binding upon the defendant GCSO.

27. Plaintiff had *bona fide* religious beliefs that conflicted with the Policy and he informed his employer of such beliefs. Plaintiff's employment was terminated for failure to comply with the conflicting employment requirement.

28. Title VII makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee.

29. Defendant GCSO failed to provide reasonable alternative means of accommodating the religious belief or observance that was in conflict with the Policy.

30. Defendant GCSO never entered into a meaningful interactive process with plaintiff to determine whether it could reasonably accommodate his sincerely held religious beliefs, but engaged in a one-size-fits-all policy, insisting upon plaintiff's compliance thereto without any serious consideration of the merits of his objections, without evincing concern for protecting his constitutional rights on an individual or case by case basis, and without any intention of ever veering from the implementation of the Policy.

31. There is a dispute between plaintiff and defendant GCSO. GCSO asserts (by and through Sheriff Rogers) that it can undertake an analysis of the sincerity of the religious beliefs of its employee, whereby it determined whether plaintiff's religious beliefs were merely

personal. Plaintiff disagrees. Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind and soul. Belief in what one may demonstrate to the senses is not faith. Plaintiff asserts that Title VII presumes sincerity of belief by an employee and, therefore, the defendant GCSO's objectification of plaintiff's religious beliefs as expressed herein was unlawful. Plaintiff's legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require orthodoxy of employees according to a recognized and accepted code comprehensible to the employer or demand that employees be put to the proof of their religious beliefs.

32. Defendant GCSO universally asserted that every unvaccinated employee posed a threat to the health and safety of co-workers and the public, and defendant asserted that plaintiff's request for accommodation of his religious beliefs posed an undue hardship on the defendant, which was more than a *de minimis* burden. Plaintiff disagrees. The risk of spreading COVID-19 presented by vaccinated and unvaccinated employees was equivalent, and defendant provided no proof (and never attempted to determine, upon information and belief, the veracity of its assumption) that plaintiff's accommodation request presented a greater risk to the health of his co-workers than his vaccinated co-workers. Beyond that, terminating plaintiff's employment did not place the public at large in Guilford County in a safer position relative to the spread of COVID-19. Plaintiff was not confined to his home after he was fired. He went about his life as he had prior to the Policy - went shopping, ate at restaurants, attended church, and cheered at sporting events. Therefore, keeping plaintiff at work as a Deputy without weekly testing and masking would not have caused any harm to the public that could have been mitigated by firing him.

33. Plaintiff has suffered severe economic losses as the result of the defendant's termination of his employment, and he is entitled to further relief as more fully set forth in his prayer for relief.

## SECOND CAUSE OF ACTION
### RELIGIOUS CLAUSES
### First Amendment to the U.S. Constitution
(42 U.S.C § 1983)

34. The averments and/or allegations contained hitherto in this Complaint, in particular paragraphs 1 - 34, are adopted, re-averred, re-alleged, re-plead, and incorporated herein by reference as if fully set forth.

35. The right to free exercise of religion is protected and guaranteed by the First Amendment of the U.S. Constitution. The liberties under the First Amendment apply to states and their political subdivisions through the Fourteenth Amendment.

36. The actions of the defendants GCSO, by and through Sheriff Rogers and its employees, were under color of law.

37. Plaintiff's sincerely held religious beliefs compelled him to refuse to comply with defendants' Policy.

38. Defendant GCSO, by and through Sheriff Rogers, engaged in coercion and penalties upon plaintiff for exercising his religion.

39. Defendant GCSO's Policy forced plaintiff to choose between violating his sincerely held religious beliefs or being fired, imposing a substantial burden on plaintiff as well as interfering with, and depriving him of, the enjoyment of the religious liberties guaranteed him by

the First Amendment to the U.S. Constitution as made applicable to the states through the Fourteenth Amendment.

40. Plaintiff has suffered severe economic losses as the result of the defendants' termination of his employment, and he is entitled to further relief as more fully set forth in his prayer for relief.

WHEREFORE, Plaintiff Alvin Robinson requests that the Court enter judgment in his favor and against Defendants, for full relief, including the following:

1. An award for actual, consequential and incidental financial losses, including, but not limited to, lost wages, lost back pay, front pay, future lost wages, wage differential losses, lost benefits and other compensation plus interest;

2. An award for compensatory damages;

3. Attorney's fees and costs; and

4. Any and all other appropriate relief to which plaintiff may be entitled, including all "appropriate relief" within the scope of Rule 54(c) of the Federal Rules of Civil Procedure.

Dated: January 27, 2023.

Alvin Robinson
*Pro Se Plaintiff*
2139 Huffine Mill Rd.
McLeansville, NC 27301
Tel.: (336 908-4772
Email: alvindrobinson1981@gmail.com